(No. 4163-

Ed Witt, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed July 8, 1949.*

Ed Witt, Claimant, pro se.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Schuman, C. J.

Claimant, Ed Witt, filed complaint pro se. Claimant, Ed Witt, was employed by the State of Illinois, Depart-

ment of Public Works and Buildings, Division of Highways, on April 6, 1942 as a common laborer.

On October 20, 1948, the claimant was engaged in mowing vegetation with a power driven mower on S.B.I. Route 4 in Champaign County. While engaged in said work, the mower bar struck an obstruction and caused the mower bar to fold back toward the machine. Claimant attempted to pull the bar into place, the sickle moved, catching and severing his right index finger one-quarter inch distal to the knuckle joint.

Claimant was taken to Dr. H. C. Bowser in Sidney, who sent him to the Burnham City Hospital in Champaign. The finger was amputated at the knuckle joint. The claimant lost the middle and terminal phalanges of right index finger.

The Division of Highways report and the complaint filed by the claimant show that the Division of Highways had immediate notice of the accident and that the claim was filed in conformity with and in time under the terms and provisions of the Workmen's Compensation Act.

The evidence shows that at the time of the accident, the claimant was receiving $180.00 a month, and while it is not shown that these were actual earnings for a year immediately preceding the accident, it is presumed that such is the fact.

From the evidence, the claimant would be entitled to temporary total disability from October 21, 1948 to November 18, 1948. However, not more than 30 days having been lost as a result of said injury, his compensation would not start until after the 8th day from said injury, which would be on October 28, 1948. Claimant would therefore be entitled to compensation for 13 days or 1 6/7 weeks for temporary disability or an amount of $36.21.

12

After having lost two phalanges from the right index finger, he would be entitled to a loss of a whole finger which is 40 weeks at $19.50 or a total amount of $780.00.

An award is therefore entered in the amount of $816.21. The evidence shows that during the period of temporary disability, the claimant was paid the sum of $117.88, or his full salary. From the total award should be deducted the sum of $117.88, representing an overpayment of money paid by respondent to claimant for temporary total compensation, leaving a balance of $698.33 for which an award is hereby entered in favor of claimant. All of this amount has accrued and is payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."